# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. WILSON, CDCR #G-26646, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS; CORRECTION MANAGEMENT CORP., INC.; UNIDENTIFIED CHIEF MEDICAL OFFICER [CMO]; Dr. A. BLAIN, Dr. M. FRAZE; K. WYATT, RN; T. KIRBY, CCII; J. JIMENEZ, CCII; and A. MILLER, Warden, <br><br> Defendants. | Civil No. 13cv1455 BTM (KSC) <br><br> **ORDER:** <br><br> **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 4)** <br><br> **AND** <br><br> **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Roy L. Wilson ("Plaintiff"), currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, has initiated this civil action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12131.

Plaintiff is a 57-year old insulin-dependent diabetic who claims Defendants, most of whom are medical officials employed at either CMC and/or Centinela State Prison

("CEN"), violated his rights to adequate medical care under both the ADA and the Eighth Amendment while he was incarcerated there between June 2012 and April 2013. *See* Compl. (ECF Doc. No. 1) at 2-4. Specifically, Plaintiff alleges to have broken his right wrist and/or thumb in June 2012 at CEN, but for "unknown reasons and without any explanation," went "untreated" until his transfer to a "medical prison" in April 2013. *Id.* at 3-4. Plaintiff seeks declaratory relief as well as nominal, compensatory and punitive damages. *Id.* at 6.

After he was denied leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) without prejudice on July 31, 2013 due to his failure to provide the trust account certificates required by § 1915(a)(2) (ECF Doc. No. 3), Plaintiff submitted a new Motion to Proceed IFP, which now includes the trust account documentation required by statute (ECF Doc. No. 4).

## I.  PLAINTIFF'S MOTION TO PROCEED IFP

As Plaintiff is aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month

---

[1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his new IFP application, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a trust account official at CMC where he is currently incarcerated verifying his account history and available balances. Plaintiff's statements show an average monthly balance of $10.83, average monthly deposits of $10.83, and an available balance in his account of $15.00 at the time it was submitted to the Court for filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 4) and assesses an initial partial filing fee of $2.16 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)**

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not

initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### A.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Improper Defendants

#### 1.    CDCR & CMC

As an initial matter, the Court finds that to the extent Plaintiff names the "California Department of Corrections" and the "Correction Management Corp., Inc." ("CMC") as Defendants, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for both failing to state a claim and for seeking damages against defendants who are immune. The State of California's Department of Corrections and Rehabilitation ("CDCR") and any state correctional agency, sub-division, or department under its jurisdiction are not persons subject to suit under § 1983. *Hale v. State of Arizona*, 993 F.2d 1387, 1398–99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983). And if by naming the CDCR or the CMC Plaintiff really seeks to sue the State of California itself, his claims are clearly barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can

/ / /

be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the CDCR and the CMC, his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1) & (2).

## 2. Respondeat Superior and Individual Liability

Plaintiff also names A. Miller, the Warden of Centinela State Prison, an unidentified Chief Medical Officer ("CMO") at CEN, Dr. M. Fraze, T. Kirby, and J. Jimenez as Defendants. *See* Compl. at 1-2. However, his Complaint contains virtually no allegations that any of these individuals knew of or took any part in any constitutional violation. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

First, Plaintiff includes Warden Miller and the unnamed CMO as parties because they are "responsible" for "conditions and operations at Centinela," for "implementing and maintaining all medical policies," and for "supervising all medical staff[ing]." *See* Compl. at 2 ¶¶ 4, 5. Plaintiff includes no further details as to what Miller or the CMO specifically did, or failed to do, which resulted in the violation of any constitutional right. *Iqbal*, 662 U.S. at 678 (noting that FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Thus, to the extent it appears Plaintiff seeks to sue Warden Miller and the CMO only by virtue of their positions within the prison and/or their supervisory duties over

other correctional or medical officials, in order to avoid the respondeat superior bar, his pleading must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and include a description of personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).

Plaintiff's Complaint similarly lacks specific "factual content that allows the court to draw the reasonable inference" that M. Fraze, T. Kirby, or J. Jimenez may be held personally liable for any misconduct, and thus also fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 556, 570). Plaintiff identifies M. Fraze as a "medical doctor" and an "employee" at CEN "at the time of the events in []his complaint," but never mentions him again. *See* Compl. at 2 ¶ 7. The same is true for T. Kirby, who is merely identified as a "Health Care Appeals Coordinator," *id*. ¶ 9, and J. Jimenez, who is described as a "CCII (co-ordinator)." *Id.* ¶ 10.

Thus, as currently pleaded, the Court finds Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim against Warden Miller, CEN's unidentified CMO, Dr. M. Fraze, T. Kirby, or J. Jimenez, all of whom are purportedly being sued based on the positions they hold and not because of any individually identifiable conduct alleged to have caused Plaintiff injury. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must

be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71). Therefore, Plaintiff has failed to state a claim against any of them and his Complaint requires dismissal on this basis pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C.    Americans with Disabilities Act

Plaintiff also cites to the ADA, 42 U.S.C. § 12131, in the caption of his Complaint, *see* Compl. at 1, and he claims to be an "insulin[-]depend[e]nt diabetic," *id.* at 4; however, his Complaint focuses only on allegedly inadequate medical treatment related to a June 20, 2012 wrist injury, and fails to allege facts sufficient to show that any prison or medical official discriminated against him "solely by reason of disability." *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (citation and internal quotation marks omitted); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

Thus, to the extent Plaintiff intends to raise a separate cause of action under the ADA, his Complaint fails to currently state a claim upon which relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.    Inadequate Medical Care Claims

Finally, Plaintiff does allege some specific facts as to the two remaining Defendants: K. Wyatt, RN, and Dr. A. Blain. Plaintiff contends that on or about June 20, 2012, Wyatt, a nurse, "properly diagnosed a fracture to [his] right hand / thumb area," and recommended an x-ray. *See* Compl. at 5. However, Plaintiff further contends "for unknown reasons and without any explanation," Wyatt then "terminated" "all medical treatment(s)." *Id.* On the following day, June 21, 2012, Plaintiff alleges Dr. A. Blain "refused" to examine him and "allowed [his] medical condition to go untreated." *Id.*
///

Based on this incident, Plaintiff concludes both Wyatt and Blain acted with "conscious disregard" and in violation of the Eighth Amendment.[2] *Id.*

As to Plaintiff's medical care, only "deliberate indifference to a [his] serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). First, he must allege a "serious medical need" by demonstrating that "failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104). Plaintiff contends he suffered a fracture in his right wrist, hand, or "thumb area" on or about June 20, 2012. *See* Compl. at 3, 5. Thus, the Court will assume, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that Plaintiff had a serious medical need that required medical attention under the Eighth Amendment. *See McGuckin*, 974 F.2d at 1059.

However, even assuming Plaintiff's injury was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that Defendants Wyatt and Blain's actions on June 20, 2012 and June 21, 2012 were "deliberately indifferent" to his needs. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or

---

[2] Plaintiff also invokes the Due Process Clause of the Fourteenth Amendment in relation to the denial of his medical care. *See* Compl. at 5. However, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *accord Albright v. Oliver*, 510 U.S. 266, 272-73 (1994) (noting that when a broad "due process" violation is alleged, but a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). It is this principle that "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* Accordingly, Plaintiff's inadequate medical care claims are properly analyzed under the Eighth, rather than the Fourteenth Amendment's standards.

failure to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As currently pleaded, Plaintiff claims that while Wyatt "properly" diagnosed his injury to involve a fracture and "suggested" an x-ray to the doctors, Compl. at 5, no x-ray was provided "for unknown reasons." *Id.* Plaintiff's only allegation involving Dr. Blain is that he or she "refused" to examine him the following day. *Id.* Plaintiff concludes that this exposed him to "excessive risk" and is evidence of Wyatt and Blains' "conscious disregard," *id.*, however, without more, these "[t]hreadbare recitals of the elements of a[n Eighth Amendment] cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Deliberate indifference" is evidenced only when a prisoner can show that the official he seeks to hold liable "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Specifically, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, while Plaintiff may not have agreed with Defendant Wyatt or Blain's failure to provide him with an x-ray and/or to examine him on one particular occasion, *see* Compl. at 5, his disagreement, without more does not provide sufficient "factual content" to plausibly suggest that either Wyatt or Blain acted with deliberate indifference. *Iqbal*,

556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Indeed, in *Estelle* the Supreme Court rejected a prisoner's Eighth Amendment claim that prison doctors should have done more by way of diagnosis and treatment after he injured his back, and emphasized that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and "does not represent cruel and unusual punishment." 429 U.S. at 107. The same is true here as to Plaintiff's alleged lack of care on June 20 and June 21, 2012.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against either Defendant Wyatt or Blain, and that these claims must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Because Plaintiff is proceeding *in pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).[3]

---

[3] Finally, the Court notes that while Plaintiff need not allege in his Complaint that he has exhausted all administrative remedies as are available pursuant to 42 U.S.C. § 1997e(a), *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."), it appears from the face of his pleading that his purported

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 4) is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect the $2.16 intial filing fee assessed by this Order from Plaintiff's prison trust account, and shall forward the remaining $347.84 balance of the full fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended

---

medical care claims may *not* have been fully exhausted prior to the initiation of this suit. *See* Compl. at 4 ¶ 22 ("Plaintiff 'did not' exhaust all of the [a]dministrative [r]emedies regarding the matters described herein."). Plaintiff is hereby advised that "[t]he available remed[y] must be 'exhausted' *before* a complaint under § 1983 may be entertained." *McKinney v. Carey*, 311 F.3d 1198, 1199 (quoting *Booth v. Churner*, 523 U.S. 731, 738 (2001) (emphasis added)). "Exhaustion subsequent to the filing of suit will not suffice." *Id.*

pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff fail to file an Amended Complaint within the time provided, the Court shall enter a final order dismissing this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Dated: February 18, 2014

BARRY TED MOSKOWITZ
CHIEF JUDGE