**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY L. WILSON, CDCR #G-26646,<br><br>                                  Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                                  Defendants. | Civil No.   13cv1455 BTM (JLB)<br><br>**ORDER GRANTING MOTION RE CASE STATUS AND EXTENSION OF TIME TO AMEND**<br><br>**(ECF Doc. No. 15)** |

**I.     Procedural History**

On February 18, 2014, the Court granted Plaintiff Roy L. Wilson's Motion to Proceed In Forma Pauperis ("IFP"), but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See* Feb. 18, 2014 Order (ECF Doc. No. 5).

Plaintiff was apprised of the deficiencies in his pleading, and provided leave to amend within 45 days.  *Id.* at 5-12.  Plaintiff was also cautioned that his failure to file an Amended Complaint within that time would result in a final Order dismissing his civil action without prejudice based on his failure to state a claim.  *Id.* at 13.

1 In lieu of an Amended Complaint, Plaintiff filed a "Motion to Dismiss Complaint 'Without Prejudice' (ECF Doc. No. 7), followed by a "Motion for an Order(s) to 'Stop and Cease' Deducting Mon[ies] from the Plaintiff's Prison Trust Account" (ECF Doc. Nos. 9, 12).

On October 30, 2014, the Court granted Plaintiff's Motion to voluntarily dismiss, but denied his Motion to stop the deduction of filing fees from his inmate trust account because 28 U.S.C. § 1915(b)(1) requires that he "pay the full amount of a filing fee" regardless of dismissal. *See* Oct. 30, 2014 Order (ECF Doc. No. 13) at 2-4. Because it appeared that Plaintiff sought dismissal based on his inability to meet the Court's previously set deadline for filing an Amended Complaint, however, the Court sua sponte granted Plaintiff an additional 60-day extension of time in which to file an Amended Complaint that addressed the pleading deficiencies identified in the Court's February 18, 2014 Order. *Id*. at 4. Plaintiff was further cautioned that should he choose not to amend within those 60 days, the Court would enter a final Order of dismissal. *Id.*

Those 60 days passed without any word from Plaintiff, but no final Order of dismissal has yet to be entered. On April 2, 2015, however, Plaintiff filed a Motion requesting information as to the status of his case (ECF Doc. No. 15).

**II.  Plaintiff's Motion re Case Status**

In his Request for Case Status, Plaintiff claims an inmate who had been assisting him "paroled sometime in June, July or August 2014," and that he has "received no decisions, orders, or other papers" regarding the status of his case "in over 6 months." *See* ECF Doc. No. 15 at 1.

Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dept*., 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). Because Plaintiff is proceeding without counsel, claims the inmate previously assisting him is

no longer available, and that he never received a copy of the Court's October 30, 2014 Order,[1] the Court will defer entry of any final Order of dismissal until after Plaintiff has been provided one final opportunity to file an Amended Complaint which addresses the deficiencies of pleading first noted in its February 18, 2014 Order (ECF Doc. No. 5).  *See* FED.R.CIV.P. 15(a)(2) (court should "freely give leave [to amend] when justice so requires."); *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) ("This policy is 'to be applied with extreme liberality.'") (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion to Request Case Status (ECF Doc. No. 15) is **GRANTED**.

2) Plaintiff is further **GRANTED** forty-five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all deficiencies of pleading described in the Court's February 18, 2014 Order (ECF Doc. No. 5).

3) The Clerk of Court is **DIRECTED** to provide Plaintiff another copy of both the Court's February 18, 2014 Order (ECF Doc. No. 5) and its October 30, 2014 Order (ECF Doc. No. 13), as well as the Court's form § 1983 civil rights complaint for his use in amending.  Plaintiff must title his pleading as his First Amended Complaint, include Civil Case No. 13cv1455 BTM (JLB) in its caption, and complete

---

[1] The Court notes that its electronic docket indicates that all Orders in this case *have* been served upon Plaintiff via U.S. Mail at the address he has provided as listed on the docket, *see* ECF Doc. Nos. 3, 5, 13, and that no filings have been returned as undeliverable by the United States Post Office.  *See In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into the mail is presumed to be received by the addressee. [...] The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (noting that where court's docket included notations that a judgment was mailed and not returned by the post office, its receipt may be assumed).

it without reference to his original complaint. *See* S.D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

    4)    Finally, Plaintiff is cautioned that should he fail to comply with this Order within 45 days, the Court will enter a final Order dismissing this civil action without prejudice based on his failure to state claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and his failure to comply with the Court's Orders. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

DATED: April 17, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court