UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY L. WILSON, CDCR # G-26646, <br><br>                              Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPT. OF CORRECTIONS, et al., <br><br>                              Defendants. | Case No.:  3:13-cv-01455-BTM-JLB <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A(b) AND 42 U.S.C. § 1997e(a)** |

I.     **Procedural History**

On February 18, 2014, the Court granted Plaintiff Roy L. Wilson's Motion to Proceed *In Forma Pauperis* ("IFP"), but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* Feb. 18, 2014 Order (Doc. No. 5).

More than two years after Plaintiff initiated suit, he was provided a short and plain notice of his complaint's deficiencies, and was granted multiple extensions of time in which to amend, *see e.g*., Doc. Nos. 13, 16, 19, Plaintiff filed an Amended Complaint on October 5, 2015 (Doc. No. 20). In his Amended Complaint, as in his original, Plaintiff

alleges prison officials at Centinela State Prison ("CEN") violated his Eighth Amendment right to adequate medical care. *See* Doc. No. 20 at 2-4. Plaintiff seeks an injunction preventing "reprisal(s)," as well as general and punitive damages. *Id.* at 7.

## II.     Screening per 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

### A.     Standard of Review

Because Plaintiff remains a prisoner and is proceeding IFP, his Amended Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint fails to state a claim if it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief.") (citing FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Wilhelm*, 680 F.3d at 1121.

### B.     Plaintiff's Allegations

Plaintiff's Amended Complaint no longer names the California Department of Corrections, the Correction Management Corp., Inc, an unidentified Chief Medical Officer at CEN, Dr. M. Fraze, T. Kirby, J. Jimenez, or A. Miller as Defendants. Therefore, as

Plaintiff was cautioned in the Court's February 18, 2014 Order, any claims as to these former parties are now considered waived. *See* Doc. No. 5 at 13; *Lacey v. Maricopa Cnty*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint now alleges only that Arthur Blain, and K. Wyatt, a doctor and registered nurse at CEN, both neglected to recognize the seriousness of a wrist injury he reported on June 20, 2012, and failed to either ensure or recommend an immediate X-ray. *See* Doc. No. 20 at 2-3. Plaintiff admits that after he continued to complain of swelling and pain, an X-ray was authorized on July 23, 2012, and one was conducted on August 30, 2012, "two months after [Plaintiff's] initial complaint." *Id*. at 3.

### 1. Inadequate Medical Care

First, as to the basis for Plaintiff's medical care claims, the Court finds that his Amended Complaint still fails to allege facts sufficient to state a plausible claim for relief as to either Defendant Blain or Wyatt. *See Iqbal*, 556 U.S. at 678.

Only "deliberate indifference to a serious medical illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "This includes 'both an objective standard-- that the deprivation was serious enough to constitute cruel and unusual punishment--and a subjective standard--deliberate indifference.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)).

Because Plaintiff alleges to have suffered a bone fracture to his right wrist when he first complained to Defendants Blain and Wyatt on June 20, 2012, as evidenced by an "eerie bulge," *see* Doc. No. 20 at 4, the Court presumes, as it did in its February 18, 2014 Order, that Plaintiff's medical need was objectively serious. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (serious medical need exists if failure to treat the injury or condition "could result in

further significant injury" or cause "the unnecessary and wanton infliction of pain." (citation and internal quotation marks omitted).

However, Plaintiff's Amended Complaint, like his original pleading, fails to include further "factual content that allows the court to draw the reasonable inference" that either Doctor Blain or Nurse Wyatt acted with "deliberate indifference" to his injured wrist. *Iqbal*, 556 U.S. at 678; *Jett*, 439 F.3d at 1096. As the Court noted in its February 18, 2014 Order, in order to plead deliberate indifference, Plaintiff must allege that Blain and Wyatt "purposeful[ly] act[ed] or fail[ed] to respond to [his] pain or possible medical need," and that he was harmed by their indifference. *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," *Toguchi v.* Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), that requires Plaintiff to allege these Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, Plaintiff's pleading must contain "factual content" to show that officials he seeks to hold liable were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that they] … also dr[e]w the inference." *Id.; Iqbal*, 556 U.S. at 678. Even if prison officials are alleged to "actually kn[o]w of a substantial risk to inmate health or safety," they will not be found deliberately indifferent "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Here, Plaintiff alleges to have reported his "visible, sizeable swelling" and "excruciating pain" to Nurse Wyatt at the B-yard clinic on June 20, 2012. *See* Doc. No. 20 at 3. Plaintiff contends Wyatt telephoned Dr. Blain, and then gave him some Tylenol, an ice bag, and Ace-wrapped his wrist. *Id.* Plaintiff's pain and swelling did not subside, however, and he continued to "frequent[] the clinic," and submitted "more than ten" medical requests until an X-ray was first "recommended" on July 23, 2012, and later conducted on August 30, 2012, "two (2) months after [his] initial complaint." *Id.* However, Plaintiff alleges no further facts to suggest how or why Wyatt and Blain were the medical officials responsible for any delay in scheduling an X-ray or any other diagnostic or pain

treatment *after* his initial consultation with them on June 20, 2012. *Iqbal*, 556 U.S. at 676 ("[A]plaintiff must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.").

Deliberate indifference entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. While Plaintiff may not have agreed with Wyatt or Blain's treatment decisions on June 20, 2012, or their failure to provide him with an "instant" X-ray on that day, *see* Doc. No. 20 at 2, this disagreement, without more does not provide sufficient "factual content" to plausibly suggest that either Wyatt or Blain acted with deliberate indifference. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."); *see Frost v. Cate*, No. 12-CV-05226-YGR (PR), 2015 WL 1927933, at *10 (N.D. Cal. Mar. 27, 2015) (denial of request for an MRI or an x-ray amounted to "nothing more than a difference of opinion between medical staff and an inmate"); *cf. Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (rejecting prisoner's claims that "prison clinic took twelve X-rays when two would have been sufficient," on Eighth Amendment grounds as mere "difference of opinion" insufficient to state a § 1983 claim).

Accordingly, the Court finds that Plaintiff Amended Complaint still fails to state an Eighth Amendment inadequate medical care claim against either Defendant Wyatt or Blain, and therefore, must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

    **2.**    **Exhaustion**

"Among other reforms, the PLRA mandates early judicial screening . . . and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones*, 549 U.S. at 202. While the "failure to exhaust is an affirmative defense under the PLRA," *id.* at 216, a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears plainly on its face. *Id.* at 215; *see also Albino v. Baca*, 747 F.3d

F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim), *cert. denied sub nom.*, *Scott v. Albino,* 135 S. Ct. 403 (2014) (No. 14–82); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166.

Applying these standards, the Court finds that in addition to failing to state an Eighth Amendment inadequate medical care claim against DefendantsWyatt or Blain, Plaintiff's Amended Complaint must be also dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) because he clearly concedes on the face of his pleading that he failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a) before he filed suit. *See* Doc. No. 20 at 6; *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006).

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit."). "The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." *Vaden*, 449 F.3d at 1051.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." CAL. CODE REGS. tit. 15, § 3084.1(a). In order to

exhaust available administrative remedies within this system, a prisoner must generally proceed through three levels of review: (1) a first level written appeal, submitted on a CDCR Form 602, which describes "the specific issue under appeal and the relief requested"; (2) a second level written appeal to the institution head or his equivalent; and (3) a third level written appeal to the Secretary of the CDCR, which is reviewed by a designated representative under the supervision of the third level Appeals Chief or his equivalent. *See Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *see also* CAL. CODE REGS. tit. 15, §§ 3084.2(a); 3084.7(a)-(c), (d) (Jan. 1, 2014). A final decision from the third level of review "exhausts administrative remedies" under 42 U.S.C. § 1997e(a). *See Lira v. Herrera*, 427 F.3d 1164, 1166–67 (9th Cir. 2005); *see also* CAL. CODE REGS. tit. 15, § 3084.7(c), (d)(3) (Jan. 1, 2014).

In this case, Plaintiff used the Court's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, which asks if he has "previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged . . . [E.g., CDC Inmate/Parolee Appeal Form 602, etc.]?" *See* Doc. No. 20 at 6. In response, Plaintiff placed an "X" in box marked "No." *Id.* And while the form further asks, "If your answer is 'No', briefly explain why administrative relief was not sought," Plaintiff simply wrote "N/A." *Id.* Section 1997e(a) however, is applicable. *Booth*, 532 U.S. at 741; *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that § 1997e(a)'s mandatory exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Thus, based on Plaintiff's concession of nonexhaustion, which is clear and unequivocal on both the face of his original (Doc. No. 1 at 4), as well as his Amended Complaints, *see* Doc. No. 20 at 6; *Albino*, 747 F.3d at 1166; *Wyatt*, 315 F.3d at 1120, the Court finds that even if Plaintiff had sufficiently alleged an Eighth Amendment claim against any Defendant, his case would nevertheless be subject to dismissal. *Jones*, 549 U.S. at 215; 28 U.S.C. § 1915A(b)(1). The "exhaustion requirement does not allow a prisoner

to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing *McKinney*, 311 F.3d at 1199).

### III. Conclusion and Order

Accordingly, the Court DISMISSES this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1) and 42 U.S.C. § 1997e(a).

The Clerk of Court shall enter a final dismissal without prejudice and close the file.[1]

Dated: May 4, 2016

                           Barry Ted Moskowitz, Chief Judge
                           United States District Court

---

[1] While the Court typically grants leave to amend liberally in pro se cases, Plaintiff has already been apprised of his pleading deficiencies, has failed to correct them, and has repeatedly conceded his failure to exhaust, which is not a pleading defect which might be cured by the allegation of additional facts. *See Lopez*, 203 F.3d at 1127. Leave to amend is properly denied "if amendment would be futile." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).